# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2020

Lyle W. Cayce
Clerk

No. 19-50497
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALBERTO ESPARZA-RODRIGUEZ, also known as Jose Esparza, also
known as Jose Rodriguez, also known as Jose Rodriguez-Esparza, also known
as Jose Esparzarodriguez, also known as Jose Esparza-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-846-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Appealing his conviction under 8 U.S.C. § 1326(a) and (b)(1) for illegally
reentering the United States following removal, Joes Alberto Esparza-
Rodriguez challenges the district court's order declining to dismiss his
indictment. He contends that the notice to appear for his original removal
proceeding was defective, his prior removals were thus invalid, and they could

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

not be used to support his illegal reentry conviction.  Additionally, Esparza-Rodriguez contends that he satisfied or is excused from satisfying the § 1326(d) requirements for collaterally attacking his removal order, such as the requirement that he show exhaustion of any administrative remedies.  As Esparza-Rodriguez concedes, his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779).

In *Pedroza-Rocha*, 933 F.3d at 496-98, we held that the notice to appear was not deficient merely because it did not specify a date for the hearing, any such purported deficiency had not deprived the immigration court of jurisdiction, and the appellant could not collaterally attack his notice to appear without first exhausting his administrative remedies.  Esparza-Rodriguez's arguments are, thus, foreclosed.  *See id.*

Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED as moot.